**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan GOMEZ–MORALES, also known as Elias Ramirez–Morales, also known as Juan Gonzalez–Morales, Defendant–Appellant.**

No. 05–40149.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 5, 2006.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM: *

Juan Gomez–Morales appeals his 77–month sentence for being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Gomez–Morales argues that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He preserved this contention in the district court.

The district court's sentence pursuant to a mandatory Guidelines scheme constitutes *Fanfan* error. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. *See id.* at 464. If the Government cannot show that the error was harmless, we ordinarily will vacate and remand for resentencing. *Id.* at 463.

 The sentencing transcript is silent with regard to whether the district court would have imposed the same sentence had the Guidelines been advisory and the Government so concedes. The Government cannot meet its burden. *See id.* at 464–66. Because the *Fanfan* error requires remand for resentencing, we need

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not address Gomez–Morales's remaining challenge to his sentence. *See United States v. Akpan,* 407 F.3d 360, 377 n. 62 (5th Cir.2005). Accordingly, we vacate Gomez–Morales's sentence and remand the case for resentencing.

Gomez–Morales also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gomez–Morales's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gomez–Morales contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gomez–Morales properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gomez–Morales's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.